## BLOOMER *vs.* JUHEL.

A plea of *non-tenure*, to an avowry for rent setting forth *seisin* in A. B. and deducing title from him to the avowant, and also shewing a *reversionary interest* in the avowant after the termination of the demise under which the distress was made, *admits* the seisin and the *demise to the avowant* from the tenant of the freehold; it only puts in issue the demise under which the distress was taken.

*Riens in arrere* is *quasi* a general issue when pleaded in bar of an avowry. The general issue, strictly speaking, puts in issue every material averment; not so the plea of *riens in arrere;* it admits the title of the defendant as stated in the avowry, which, therefore, need not be proved, unless the plea be accompanied by a plea of *non-tenure.*

ERROR from the New York common pleas. Juhel brought *replevin* against Bloomer for the taking of certain goods and chattels. Bloomer *avowed the taking* as a distress for a quarter of a year's rent due on the 1st February, 1829, on certain premises in the city of New-York, demised by him to one H. S. Spendlove, on the 1st August, 1828, from that day until the 1st May 1829, at a rent of $375, payable quarterly, on the first days of November, February and May. He averred that at the time of the demise to Spendlove, and at the time of the taking of the distress, and until after the expiration of the demise to Spendlove, he (Bloomer) was *lawfully possessed* of an unexpired term of two years from the 1st May, 1828, in the premises demised to Spendlove, whereof one James Ferris, on the 17th April, 1828, *was seised in his demesne as of fee,* and which on the day last mentioned, Ferris demised to him (Bloomer) for the term of two years from the 1st May, 1828. He then averred the demise from himself to Spendlove, the entry of Spendlove, and because $125 of the rent aforesaid for the quarter of the year ending on the 1st February, 1829, was due and in arrear, and remained due, &c. he well avowed the taking, &c. and set forth the making and filing of an affidavit of rent being due. Juhel pleaded, 1st, that Spendlove did not hold the premises as the tenant of Bloomer under the demise, *in modo et forma,* as set forth in the avowry; and, 2d, that there

was no rent in arrear from Spendlove to Bloomer, concluding each plea to the country. On the trial of the cause, the demise from the defendant to the plaintiff, and the entry of Spendlove, were proved. The plaintiff then insisted that the defendant should prove his title to the demised premises as alleged in the avowry, and the judge ruled, that to maintain the issues on the part of the defendant, it was necessary for him to prove his title to the premises as alleged in the avowry, and that the matters set forth in the avowry in relation to his title were material averments and must be proved. The defendant excepted to the decision of the judge, and attempted to prove the demise from Ferris to him, but failing to do so in consequence of the absence of the subscribing witness to the lease, the judge directed the jury to find a verdict for the plaintiff, who found accordingly. The defendant excepted to such direction, and judgment having been entered for the plaintiff, the defendant sued out a writ of error.

*J. A. Spencer*, for plaintiff in error. By the plea of *non-tenure*, the plaintiff put in issue only the single fact of the demise from the defendant to Spendlove, and by taking issue upon such fact alone, all the other averments in the avowry were admitted. 2 Wendell, 561. Stephen on Pl. 234, App. n. 54 and 60. Comyn's Dig. Pleader, G. 2. Saund. on Pl. and Ev. 767, 268. 2 Barn. & Ald. 546. The plea of *riens in arrere* admitted the tenancy, and only denied that there was rent due.

*S. Stevens*, for defendant in error. *Non-tenure* raised the question whether the relation of landlord and tenant existed, so as to give the right to distrain. The defendant was bound to prove his title as set forth in the avowry; unless he had a reversionary interest after the termination of the demise to Juhel, he had not the right to distrain. The defendant averred that he had such interest; the plea denied it; the defendant was, therefore, bound to prove it, and failing to do so, the plaintiff was entitled to a verdict. Until such reversionary interest was shewn, Spendlove and Juhel both were the tenants of Ferris, who alone could distrain, unless an express agree-

ment giving the right to Bloomer was shewn; there cannot be a double power to distrain without an express agreement. 1 Johns. R. 380. 10 id. 369, 424. 5 Cowen, 338. 2 Wils. 375. 16 Johns. R. 159. Woodfall, 380, 358. In *Lewis* v. *Payn*, 4 Wendell, 427, it is said that the plea of *riens in arrere* is the general issue to an avowry; if so, it puts in issue every material averment.

*By the Court*, SAVAGE, Ch. J. It was necessary to avow as the defendant has done, by stating a seisin in some person, and deducing title from that person to the avowant; 1 Johns. R. 384; 10 Johns. R. 372; 5 Cowen, 340; avowries for rent having been, heretofore, in this state, governed by the common law and not by the statute, 11 Geo. 2, ch. 19, § 22. Until the recent revision of our statutes, that section has never been enacted here. 2 R. S. 529, § 41. It was also necessary for him in his avowry to show that there was a reversionary interest remaining in him after the termination of the demise to the plaintiff. 16 Johns. R. 159. 2 Wils. 375. In the first of these cases, *Prescott* v. *DeForest*, it was held that a person who had hired a house for a year, and let a part of it for the same term, could not distrain upon his lessee for rent in arrear, without a special agreement for that purpose; in the latter case, ———— v. *Cooper*, it was said by the court: "If a man hath a term for years and grants all his estate of the term, rendering certain rent, he cannot distrain if the rent be in arrear." These averments being necessary were traversable; the plaintiff might have taken issue upon the seisin of Ferris or his demise to the defendant; but by pleading that Spendlove did not hold or enjoy the premises as tenant thereof to Bloomer, he has chosen to *traverse that fact in particular*. The object of special pleading is to reduce to specific points the matters in dispute; and when a number of facts are averred in a pleading on one side, and the party answering denies but one of such facts, the others are admitted; and even where the party answering *protests* the facts not traversed, such protest admits the facts in such suit, but the protest prevents the party protesting from being concluded by his admission from contest-

ing those facts in some other suit. According to these principles, every fact in the avowry not traversed by the plea is admitted, and of course need not be proved. The plea of *non-tenure* admitted the seisin in Ferris, and the demise by Ferris to Bloomer, and only denied, that Spendlove held as tenant to Bloomer ; such tenancy, therefore, was the only fact in issue. The tenancy of Spendlove was proved, and the defendant had then proved all that was necessary on his part.

The only other plea was *riens in arrere*. " This plea," says Mr. Justice Buller in *Hill* v. *Wright*, 2 Esp. N. P. Cases, 669, " admits the title of the defendant as stated in the avowry." It may admit the title as stated consistently with the language of the plea, that there is no rent due; and when connected with the plea of *non-tenure*, seems to be adapted to the state of the case after the tenure shall have been proved. If the object was to deny the tenancy only, that was effectually done in appropriate language by the former plea ; but admitting the tenancy, the plea may still be true; the rent may have been paid, or something may have happened since the demise, the effect of which was to discharge the tenant from the payment of rent. In *Lewis* v. *Payne*, 4 Wendell, 427, we held that an eviction might be shewn under this plea, which suspended the right of the landlord to his rent until the possession was resorted. This plea was there said to be the general issue to an avowry ; it was so for that case ; but it would have been more correct to have used the words from the report of *Horne* v. *Lewise*, 1 Ld. Raym, 614, " *Reins in arrere* is the proper plea in bar of an avowry, and is *quasi* a general issue." The general issue, strictly speaking, puts in issue every material averment in the pleading to which it is an answer. But there are pleas called the general issue, which do not have that effect : thus, *non cepit* in replevin, puts in issue the taking only and not the merits of the action ; *non est factum* puts in issue the execution of the deed only, and the breaches are admitted ; so in this case, *reins in arrere* admits that there has been rent accruing, and of course admits the tenancy as stated in the avowry. In my opinion, therefore, the defendant in the court

below had sustained his case, and should have had a verdict in his favor upon the evidence produced.

Judgment reversed. *Venire de novo* to be awarded by the New-York common pleas, costs to abide the event.