# Steiner, Administrator, etc., *versus* Erie Dime Savings and Loan Co.

1. In a suit upon a promissory note against the administrator of a surety thereon, the principal in the note, being a party interested in the event of the suit, is not, under the provisions of the act of 1869, a competent witness for the defendant.

2. The defendant in a suit can put in evidence, under the plea of payment, only such facts as tend to prove common law or actual payment either in money, or by the transfer of choses in action or other property which is accepted as money.

3. In a suit by a bank against the surety upon a promissory note, the defendant pleaded payment, and on the trial offered in evidence the bankbook of the principal in the note showing deposits by him with the plaintiff after the maturity of the note, largely in excess of the amount thereof. Defendant's contention was that the plaintiff was bound to

[Steiner *v.* Eric Dime Savings and Loan Co.]

appropriate said deposits in payment of the note, and that its failure to do so relieved the defendant from liability. *Held*, that this defence was equitable merely, and that therefore, the evidence offered was inadmissible under the plea of payment.

4. *Semble*, that under the plea of payment with leave, etc., the defendant may offer any evidence which shows that ex æquo et bono, the plaintiff ought not to recover, provided that notice has been given of the special matter offered in evidence. If such notice, however, be not given, the door is closed upon every merely equitable consideration which falls short of technical payment.

5. Where a special act of assembly is not furnished to the Supreme Court, it will presume that the construction put upon the act by the court below was right.

October 18th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Erie county* : Of October and November Term 1881, No. 141.

Assumpsit by the Erie Dime Savings and Loan Company, against Frank F. Steiner, administrator of John G. Braun, deceased, upon two promissory notes given by one Henry Stahl as principal, and the said J. G. Braun as surety. The defendant pleaded non assumpsit, and payment with leave to give special matter in evidence. When the case was called for trial, before BROWN, P. J., defendant's counsel moved to withdraw the said pleas and enter the simple plea of "payment." This was allowed without objection.

The plaintiff, having put in evidence the notes sued upon, rested. The defendant offered in evidence the deposition of Henry Stahl, deceased, which had been taken under a rule to take depositions. Objected to, on the ground that Stahl, being the principal in the said notes, was interested in the result of the suit, and, the action being against an administrator, the act of 1869 was not operative to render his testimony competent. Objection sustained ; exception.

The defendant then offered in evidence Heny Stahl's bankbook, showing deposits made by him in the corporation plaintiff, after the notes in suit became due, of moneys largely in excess of the amount of said notes. Objected to, as the offer does not show that any of the money deposited was appropriated to the payment of the notes, and because irrelevant under the plea of payment. Objection sustained ; exception.

The court instructed the jury under the pleadings and evidence to find a verdict for the plaintiff. As to the amount of the verdict the court said :—

"The counsel have made a computation of the amount due, on the basis of ten per cent. interest, and five per cent. attorney's fees, and under the evidence we say to you that under the

[Steiner *v.* Erie Dime Savings and Loan Co.]

special law having reference to the Dime Savings Bank, it may be unjust, but as to that we have nothing to do; the law gives them the right to charge ten per cent., and we instruct you that that should be the measure of interest, together with the five per cent. added."

Verdict for the plaintiff for the full amount claimed ($2,416.74) and judgment thereon. The defendant took this writ of error, assigning for error the rejection of his offers of evidence, the direction to find a verdict for the plaintiff, and the portion of the charge relating to the assessment of damages above quoted.

*Benson* (*Brainerd* with him), for the plaintiff in error.

*Henry Souther* and *E. L. Whittelsey*, for the defendant in error.

Mr. Justice PAXSON delivered the opinion of the court October 24th 1881.

The deposition of Henry Stahl was properly rejected. He was liable in event of a recovery, for the costs, and to this extent at least was interested in defeating the action. Nor was he made competent by the Act of 1869, for the provisions of said Act do not apply to suits by or against administrators. This was a suit against an administrator.

The bank-book, the rejection of which forms the subject of the second specification of error, might possibly have been evidence had the pleadings stood as originally filed. But when the cause was called for trial below, the defendant withdrew the plea of non-assumpsit and went to trial upon the plea of payment alone. The bank-book did not even tend to support this plea. It merely showed the deposit of money by Stahl which was subject to his check. This, in the absence of any appropriation to the notes in suit, or direction to so appropriate it, was not payment. Indeed, the defendant did not allege that it was payment, his contention being that the bank was bound to appropriate the deposits to the notes, and that its failure to do so relieved Brown, who was Stahl's surety. This was an equitable defence, and under all the authorities was not admissible under the plea of payment. It is sufficient to refer to Updegraff *v.* Spring, 11 S. & R. 188; Hamilton *v.* Moore, 4 W. & S. 570; Covely *v.* Fox, 1 Jones 171; Holt *v.* Bodey, 6 Harris 207. The plea of payment means common law payment—actual payment. It need not be in money; it may be by the transfer of choses in action, or other property, but it must be something which is accepted as money. When payment is pleaded with

2 OUTERBRIDGE—38

[Angier *v.* Eaton, Cole & Burnham Co.]

leave to give the special matter in evidence, an equitable defence such as the one set up in this case may be introduced when the proper notice has been given. Such plea, with notice, operates substantially as a bill in equity praying an injunction ; admitting of any suggestion which shows, ex æquo et bono, the plaintiff ought not to recover ; without notice, the door is closed upon every merely equitable consideration, which falls short of technical payment: Hawk *v.* Geddis, 16 S. & R. 28.

We see no error in those portions of the charge referred to in the 3th and 4th specifications. We were not furnished with the special Act regulating the rate of interest which the corporation plaintiff might be allowed to charge, and in its absence must presume the court below construed it correctly.

Judgment affirmed.