## Barrett, Trustee, to use, Appellants, *v.* Bemelmans.

*Affidavit of defence—Rent—Revocation of trust.*

Several joint owners of a house and lot appointed one of their number a trustee to collect the rents and after paying expenses to divide the surplus among the owners. The trustee rented the premises to defendant for one year from Oct. 1, 1890, with a privilege of renewal upon the same terms for a further period of one year. Prior to Oct. 1, 1891, the trustee renewed the lease. On Sept. 29, 1891, plaintiff by writing revoked the appointment of the trustee and notified defendant to pay plaintiff's share of the rent to plaintiff herself. Defendant filed an affidavit of defence in which she averred that she had no notice that the trustee was not to lease and collect the rents prior to her renewal of the lease, that no notice had been given to her as provided in the lease, and that she had continued to pay the rent to the trustee. *Held*, that the affidavit was sufficient to prevent judgment.

Argued March 22, 1893. Appeal, No. 205, Jan. T., 1893, by plaintiff, Simmons H. Barrett, trustee, to use of Charles Bennett, and Rebecca S. Bennett, his wife, in right of said wife, from order of C. P. No. 1, Phila. Co., March T., 1892, No. 412, in favor of defendant, E. C. Bemelmans, discharging rule for judgment for want of sufficient affidavit of defence. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for rent.

Plaintiff's statement was as follows :

" On or about Sept. 16, 1890, the plaintiff, along with the other five owners of the house, No. 1704 Wallace street, Philadelphia, appointed Simmons H. Barrett, her agent ' to receive the rent of said premises and appropriate the same or so much thereof as may be necessary to the payment of taxes, water rent, and the sums of money which may be due for the repairs upon said premises, as agreed between us to be made, and after the payment as aforesaid to divide the surplus equally among the owners of the said premises.' This appointment was entirely voluntary on the plaintiff's part and the said Simmons H. Barrett gave no consideration whatever for said appointment. On or about Sept. 22, 1890, the said Simmons H. Barrett, acting as trustee, rented said premises to the defendant for the term of one year from Oct. 1, 1890, at the rate of $660 per annum, to be paid in equal monthly portions in advance. The lease for the said term, a copy of which is hereto attached, also provided that if the defendant held over at the end of said term the lease should continue ' upon the same terms and conditions . . . . for a further period of one year.' On or about Oct. 1, 1891, the defendant leased the same premises for seven months from Oct. 1, 1891, at the rate of $55 per month, payable in advance. A copy of this lease is also attached. The defendant occupied the premises from about Oct. 1, 1890, to and after the date of bringing this suit, March 25, 1892.

" On or about Sept. 29, 1891, the plaintiff, by letter, a copy of which is hereto attached, notified defendant that she revoked said appointment of Simmons H. Barrett, as agent, and desired defendant to pay the share of rent, to wit, one sixth, due plaintiff to her, instead of her former agent, saying she would call for the rent in person. On the same day plaintiff notified said Simmons H. Barrett that she revoked the authority given him to act as her agent or trustee in the management of her interest in said premises. A copy of said notice is hereto attached. The defendant received notice of plaintiff's revoking of the agent's authority and of plaintiff's desire to call and receive the rent herself.

" No part of plaintiff's one sixth interest in said monthly rent has ever been paid to her since she gave defendant notice not to pay to the said Simmons H. Barrett. The plaintiff

claims one sixth of $55 per month or $9.16 for each month, from October, 1891, to March, 1892, inclusive, or the total sum of $54.96, with interest on the same from March 1, 1892."

Defendant in her affidavit of defence averred:

" That she leased the premises, No. 1704 Wallace street, under a lease dated Sept. 22, 1890 (copy of which is hereto attached). That she leased the said premises from one Simmons H. Barrett, trustee of the said property, for a term of one year from Oct. 7, 1890, at an annual rental of $666 to be paid monthly in advance, one of the conditions of the said lease being as follows:

" ' And it is hereby mutually agreed that either party hereto may determine this lease at the end of said term, by giving the other notice thereof at least three months prior thereto, but in default of such notice this lease shall continue upon the same terms and conditions as herein contained, for a further period of one year, and so on from year to year until terminated by either party hereto giving to the other three months' notice for removal previous to the expiration of the then current term.' That the notice herein provided was never given by either party to the said lessee.

" That some months prior to the expiration of the term of the said lease deponent informed the said Simmons H. Barrett, trustee, that she desired a renewal of the lease for the period of seven months, and, in pursuance thereof, the said Simmons H. Barrett, trustee, entered into a lease with deponent, dated Oct. 1, 1891, for the term or period of seven months from the date thereof. Deponent was not informed and had no knowledge that the whole or part of the title to the premises was in the plaintiff, Rebecca S. Bennett, nor had she any lease, contract or agreement of any kind in reference to the lease of said premises with any other person than Simmons H. Barrett.

" Deponent had never been notified that the said Simmons H. Barrett was not to lease and collect the rents of the said property prior to her agreement to renew the lease of the said premises, and believing and being informed that the said Simmons H. Barrett was duly authorized to lease and collect the rents of the said premises, and no notice having been given to her as provided in the said lease, she continued as tenant of the said premises under the said lease (copy of which is hereto

attached) and has paid the said rent of $55.00 per month, in advance, for the whole term, for which she holds the receipts of the said Simmons H. Barrett, trustee.

" Deponent further says that she is not indebted to Rebecca S. Bennett in the sum of $54.96 as alleged in the plaintiff's statement of claim, all of which she expects to be able to prove upon the trial of the cause."

Rule for judgment for want of a sufficient affidavit of de-defence discharged. Plaintiff appealed.

*Error assigned* was discharge of rule.

*Dimner Beeber,* for appellant, cited : As to power to revoke trust: Hartley & Minor's Ap., 53 Pa. 212; Story on Agency, §§ 446, 470. As to divisibility of covenant to pay rent: Gilbert on Rents, 172; Rivis v. Watson, 5 M. & W. 255; Crosby v. Loop, 13 Ill. 625; DeCoursey v. Guarantee Trust Co., 81 Pa. 217; Reed v. Ward, 22 Pa. 144; Newell v. Gibbs, 1 W. & S. 496; Holt v. Martin, 51 Pa. 499.

*Howard A. Davis,* for appellee.—The relation of landlord and tenant being established, the tenant in possession could not dispute the title under which she held and was bound, under the terms of the lease, to pay the rent to the lessor: Holt v. Martin, 51 Pa. 499; Snyder v. Carfrey, 54 Pa. 90.

Where an agent, without disclosing his principal, excutes a lease of a house in his own name, the tenant holds under the agent, and it makes no difference if the agent in signing writes the word "agent" after his signature: Sayfert v. Bean, 83 Pa. 450; Bedford v. Kelly, 61 Pa. 491; Marys v. Anderson, 24 Pa. 272.

PER CURIAM, April 10, 1893:

An examination of the affidavit of defence fully vindicates the action of the court below. The trustee seems by the statement and affidavit to have been appointed by the joint act of six owners of the real estate from which the rent accrues. The plaintiff alleges a revocation on her part. It is impossible to anticipate the showing that may be made, or to determine in advance the character and legal effect of the alleged revocation; but as the affidavit denies its effect upon the lease, and the

powers of the trustee, and alleges payment in full to him of the rent now demanded, the case should go to trial.

The judgment is therefore affirmed.