163    122
e 24 SC ¹501

Barrett, Trustee, to use of Bennett, Appellant, *v.* E. C. Bemelmans.

*Landlord and tenant—Principal and agent—Revocation of agency—Ten-ants in common.*

Where several tenants in common appoint one of their number to collect the rents, one of the tenants in common has a right at any time to revoke the agency so far as his own interest is concerned, and when this revoca-tion has been duly made, and notice thereof given to the tenant, the tenant is bound to take notice of the fact, and to pay over to the owner revoking, his proportionate share of the rent.

In such a case it is immaterial that the party revoking was only a part owner of the property leased, and that the agent was one of the joint owners.

Submitted on paper-books, April 5, 1894. Appeal, No. 364, Jan. T., 1894, by plaintiffs, Simmons H. Barrett, trustee, to use of Charles Bennett and Rebecca S. Bennett, his wife, in right of said wife, from judgment of C. P. No. 1, Phila. Co., March T., 1892, No. 412, on case stated, for defendant. Before STER-RETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Assumpsit for rent.

The case stated was as follows:

" On Sept. 16, 1890, the plaintiff, Rebecca S. Bennett, along with the other five owners of the house No. 1704 Wallace street, Philadelphia, appointed Simmons H. Barrett, one of the said owners, their agent, with powers as set forth in the following agreement:

" ' We, the undersigned, owners of the premises 1704 Wallace street, do hereby appoint Simmons H. Barrett as our agent or trustee, to receive the rent of the said premises, and to appropriate the same, or so much thereof as may be necessary, to the payment of taxes, water rent, and the sums of money which may be due for the repairs upon the said premises, agreed between us to be made, and, after the payment as aforesaid, to divide the surplus equally among the owners of the said premises.'

" This appointment was entirely voluntary on the part of all the owners, and the said Simmons H. Barrett gave no consideration whatever for said appointment.

" On Sept. 22, 1890, the said Simmons H. Barrett, acting as trustee, leased said premises to defendant for the term of one year from Oct. 1, 1890, at the rate of $660 per annum, to be paid in equal monthly portions, in advance. The lease for said term (copy of which is hereto attached) also provided that if the defendant held over at the end of said term, the lease should continue ' upon the same terms and conditions . . . . for a further period of one year.' No notice was given as therein provided for, and in pursuance of an agreement made some months previous to the end of the term of the said lease, the said Simmons H. Barrett, acting as trustee, leased the said premises to the defendant for a period of seven months from Oct. 1, 1891, at the rate of $55 per month, payable in advance. A copy of

this said lease is hereto attached. The defendant occupied the premises from Oct. 1, 1891, up to and after the beginning of this suit, to wit, April 1, 1892.

" On Sept. 29, 1891, the use plaintiff, Rebecca S. Bennett, gave a written notice to the defendant that she revoked the authority of the said Simmons H. Barrett to act as her trustee, and requested the defendant to pay to the use plaintiff her share of the rent subsequently accruing, to wit, the one sixth part of the said $55 per month. On the same day, the use plaintiff notified the said Simmons H. Barrett that she revoked his authority to act for her, as her agent or trustee, in the collection of the said rent.

" Defendant was not informed and had no knowledge, prior to the receipt of said notice, that the whole or part of the title to the premises was in the plaintiff, Rebecca S. Bennett, nor had she any knowledge that the said Rebecca S. Bennett was a part owner, other than set forth in said note. The defendant had no lease, contract or agreement of any kind, in reference to the lease of said premises, with any other person than Simmons H. Barrett. The only contract she ever had in reference to the said premises, was the leases hereto attached. The relation of landlord and tenant was established between the defendant and Barrett prior to the receipt of any notice from the use plaintiff, Rebecca S. Bennett. She continued to pay the whole rent to Simmons H. Barrett monthly, as it accrued, after the receipt of the notice of the revocation of the authority of the said Simmons H. Barrett, and paid the rent to the said Simmons H. Barrett up to the time she left the premises.

" This suit was brought to recover the one sixth of the monthly rent of $55, for the months of October, November, December, 1891, and January, February and March, 1892, or $9.16 for each of said months.

" If the court should be of the opinion that the use plaintiff is entitled to recover, then judgment to be entered in favor of the use plaintiff, for the full amount of her claim; but if the court be not of that opinion, then judgment to be entered for the defendant. Costs to follow the judgment: either party reserving the right to take an appeal therein.

" Both leases were made and signed by Barrett as trustee."

Judgment for defendant. Plaintiffs appealed.

*Error assigned* was above order.

*Dimner Beeber,* for appellant, cited, as to revocation of power: Hartley & Minor's Ap., 53 Pa. 212; Blackstone v. Buttermore, 53 Pa. 266. As to apportionment of rent: Story on Agency, 7th ed. § 446; 3 Kent, 12th ed. 469; River v. Watson, 5 M. & W. 255; Gilbert on Rents, 172; Reed v. Ward, 22 Pa. 144; De Coursey v. Trust Co., 81 Pa. 217. As to right to deny landlord's title: Newell v. Gibbs, 1 W. & S. 496; Duchess of Kingston's Case, 2 Sm. L. C. 975; Moss v. Gallimore, 1 Sm. L. C. 975. As to agent and unknown principal: Iron Co. v. Smith, 66 Pa. 340. As to rights of equitable plaintiff: Coffey v. White, 14 W. N. 108; Bentley v. Reading, 22 W. N. 60.

*Howard A. Davis,* for appellee, cited: Holt v. Martin, 51 Pa. 499; Snyder v. Carfrey, 54 Pa. 90; Seyfert v. Bean, 83 Pa. 450; Bedford v. Kelly, 61 Pa. 491; Marys v. Anderson, 24 Pa. 272.

OPINION BY MR. JUSTICE WILLIAMS, July 12, 1894:

This is an action against a tenant to recover rent. The case was here in 1893 and turned upon the sufficiency of the affidavit of defence. The affidavit set up payment of the rent in full to the plaintiff's agent or trustee, by whom, and in whose name, the lease was made. This we held sufficient to prevent judgment and send the case to trial. Barrett to use v. Bemelmans, 155 Pa. 204. When the case was again reached in the court below the facts were agreed upon and embodied in a case stated. They show that the property leased was owned by several persons, among whom were Barrett and Mrs. Bennett; that an agreement was made, between the several owners, that Barrett should act as agent for them in letting the house and collecting the rent; and, after payment of taxes out of the moneys collected, he should pay to each part owner his or her proportional part of the rent received. He accordingly made a lease to the defendant, executing it as lessor in his own name as trustee without naming the parties for whom he acted. Mrs. Bennett subsequently revoked his agency so far as she was concerned and gave notice of such revocation to the tenant.

This action is brought to recover her proportional share of the rent, accruing after such notice to both her agent and the tenant, and actually paid by the tenant to the agent, notwithstanding. This is made very clear by the case stated in which the fact is stated thus: "She continued to pay the whole rent to the said Simmons H. Barrett monthly, as it accrued, after the receipt of notice of the revocation of the authority of the said Simmons H. Barrett."

It will be apparent from these facts that no question of title was raised between landlord and tenant as in Bedford v. Kelly, 61 Pa. 491; nor any question over the power of an undisclosed principal to proceed to distrain for rent in his own name as in Seyfert v. Bean, 83 Pa. 450. The question is much more simple. It is, to whom after the notice of revocation should the tenant pay the accruing rent so far as Mrs. Bennett's share of it is concerned? The tenant knew from the lease that Barrett was acting for others, although their names were not disclosed in that instrument. Barrett knew that as to the interests of his cotenants, he was simply an agent, and that the terms of his agency gave him no interest in the subject-matter that would enable him to resist a revocation, as a fraud upon him. ⸱ Upon these facts we think the following propositions are beyond any question: (1) Mrs. Bennett had a right to revoke the agency of Barrett whenever she pleased. (2) Barrett acquired, under the terms of his agency, no interest in the rent due to his principals other than that necessarily acquired by one authorized to collect money for another, and he had no right to object to the revocation of his authority at the will of his principals. (3) When this revocation was duly made, and notice thereof given to the tenant, the tenant was bound to take notice of the fact. No equitable or other right existed in the tenant to object to the revocation except as to acts done or rent paid before the notice was received.

It is suggested that the fact that the plaintiff is only a part owner of the property leased, should change the rule. No case is cited, and no principle is suggested, on which such a distinction can rest. In the case of mineral leases, oil and gas leases, it often happens that many persons hold fractional interests in the rents or royalties to be paid and that these interests change hands both at private and at public sale; but the right of each

part owner to act independently, and to collect his own share of the rent, has never been questioned. It is suggested that Barrett was one of the several owners of the property and his interest as an owner should prevent a revocation of his agency, but as to Mrs. Bennett he is simply an agent, and what he owns as an individual cannot change his duties or his powers as an agent. For his principal he collected her share of the rent and paid out of it her share of the taxes, so long as she was satisfied that he should do so. When she chose to resume her rights as an owner he could not object. If the revocation was valid and operative between the principal and agent, it was valid as to the tenant after notice. For this reason the judgment on the case stated is now reversed and judgment is entered thereon in favor of the plaintiff for the sum of fifty-four dollars and ninety-six cents ($54.96) with costs of suit. Interest from March 1, 1892.