# Thomas G. Lovegrove, trading as Lovegrove & Co., *v.* J. W. Christman, Appellant.

*Pleading—Payment—Evidence—Notice of special matter.*

Under the plea of payment alone the proof to support it must be confined to matters which are admissible at common law, and which constitute technical payment. If equitable payment is alleged, notice of the matters constituting it must be given.

In an action to recover the price of a boiler, defendant pleaded nonassumpsit. At the trial defendant offered to show that he had bought the boiler for use in a building owned by him, which he had rented to a tenant, under an agreement to furnish power, and that, by reason of plaintiff's failure to furnish the boiler, he had lost three months' rent. This amount he claimed to deduct from the purchase money. No notice of the intent to make this offer of evidence had been given before the trial as required by rule of court. *Held,* that the evidence was not admissible under the pleas of payment and non assumpsit.

Argued March 21, 1894.   Appeal, No. 195, Jan. T., 1894, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1891, No. 476, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Assumpsit to recover price of boiler.

Defendant pleaded " non assumpsit " and " payment."

At the trial defendant claimed to deduct from plaintiff's demand $166.68 for loss of four months' rent for the premises in which the boiler was to be used, arising by reason of the failure of plaintiff to deliver the boiler within the time agreed upon.

Defendant was the owner of two adjoining mill properties, No. 2924 Park avenue, a planing mill, where the boiler was to be delivered by plaintiff, and a storage mill, directly in the rear of this and adjoining it, with a front on Broad street.

According to the contract upon which plaintiff brought suit, he was to furnish the boiler to defendant at his property not later than seventeen days from date of contract, which would make it not later than Sept. 7, 1890. The boiler was not furnished until Sept. 29, 1890, according to plaintiff's testimony, and not until the middle of October, according to defendant's version.

Evidence for defendant tended to show that he leased these two properties to a tenant, agreeing to supply the tenant a boiler at the time plaintiff was to furnish it to defendant. The boiler was not furnished to defendant so that he could furnish it to his tenant at the time agreed upon. The tenant threw up the lease of the storage-mill property, because the failure to get the boiler at the time agreed upon changed his plan of business, but kept the planing-mill property, deducting on account of delay one month's rent. Defendant rented the storage-mill property after three months' idleness. Defendant claimed to deduct from plaintiff's claim, as damages, the loss of rent of one month for the planing-mill property and three months for the storage-mill property.

It is stated in appellant's abstract of proceedings that: " The affidavit of defence claimed as a set-off, inter alia, the loss of four months' rent of defendant's property, occasioned by failure of plaintiff to furnish the boiler at the time agreed upon. There was no statement in the pleadings as to what property or properties the claim was made for deduction of rent." The affidavit is not printed. The rule of court as to notice of special matter is quoted in the opinion of the Supreme Court.

Defendant was asked by his counsel:

" Q. At the time you made this contract for the purchase of the boiler, was or was there not anything said about the leasing of the property fronting on Broad street, which adjoins the Park avenue property?" Objected to; objection sustained on the ground that a party cannot cross-examine his own witness; exception. [2]

" Q. What, if anything, was said at the time this contract was made in reference to the leasing and usage of the property on Broad street in connection with the property on Park avenue?" Objected to; objection sustained. [3]

" Q. Was or was not the leasing of the property on Broad street to Mr. Barber induced from the fact that Mr. Lovegrove had agreed to furnish the boiler at the time specified in the contract, so that Mr. Barber could use the two properties together?" Objected to; objection sustained, because there is no notice of any such special matter under the plea of payment; exception. [4]

The court allowed the claim for one month on the planing

mill, but [rejected the claim as to the storage mill, on the ground that it was special matter of defence, requiring notice thereof to be given in advance of the trial, and, as no notice of special matter had been given, he struck out all the testimony that had been given on the subject.] [1]

Verdict and judgment for plaintiff for $571.83.

*Errors assigned* were (1–4) rulings, quoting them.

*A. E. Stockwell* and *M. Hampton Todd*, for appellant, cited : Gaw v. Wolcott, 10 Pa. 43; Scott v. Coal Co., 89 Pa. 231; Fisher v. Ball, 93 Pa. 390; Blessing v. Miller, 102 Pa. 42; 1 Chit. Pl., 16 Am. ed., p. 726; Waterman on Recoupment, §§ 458, 475, 477 and 543; Bryson v. Ker, 4 S. & R. 308; Covely v. Fox, 11 Pa. 171; Peck v. Brewer, 48 Ill. 54; 2 Pars. Cont., 7th ed., pp. 879, 880; Griffin v. Colver, 22 Barb. 587; Miller v. Church, 7 Greenl. 51; Wade v. Haycock, 25 Pa. 383; Fairman v. Fluck, 5 Watts, 516; Beyer v. Fenstermacher, 2 Whart. 95.

*Frank R. Shattuck, Alex. P. Colesberry* with him, for appellee, cited : Alexander v. Pusey, 13 S. & R. 454; Taylor v. Coryell, 12 S. & R. 251; Erwin v. Leibert, 5 W. & S. 105; Steiner v. Bank, 98 Pa. 591; Ogden v. Lukens, 29 W. N. 258.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 22, 1894 :

The single question presented by this appeal is whether the learned court below erred in rejecting the defendant's evidence, and offers of evidence that, in consequence of the plaintiff's failure to deliver the boiler at the time stipulated in the contract, he lost three months' rent of his building on Broad street. The ground on which the evidence was rejected was that it was inadmissible under the pleadings. The learned judge thought, and so held, that in order to introduce an item of this character by way of set-off, recoupment or equitable defence, the plaintiff should have reasonable notice, by plea or otherwise, of the defendant's intention to present it on the trial as a complete or partial answer to the action. The rule of court in Philadelphia county, applicable to this question, is as follows : " Any defence, legal or equitable, that might heretofore have been specially pleaded or given in evidence under equitable pleas, shall be admissible under the plea of the gen-

eral issue, upon notice given at least ten days before the day set for trial. Such notice of special matters of defence shall contain a specific averment of facts sufficient to constitute a good legal or equitable defence. Copies of such notice shall be filed of record and also served on the plaintiff or his attorney at least ten days before the day set for trial. In default of such notice the defence shall be confined to matters strictly admissible under the plea filed."

As the defendant concedes that his claim for rent was not admissible as a set-off we need not quote the portion of the rule which relates particularly to that subject. His contention is that it should have been allowed under the plea of non assumpsit and payment. It is well settled that under the plea of payment alone the proof to support it must be confined to matters which were admissible at common law and which constitute technical payment. If equitable payment is alleged, notice of the matters constituting it must be given. The defendant's rejected evidence was therefore clearly inadmissible under his plea of payment. Was it admissible under the plea of non assumpsit? It related to a lease of the Broad street building to Barber after the contract in question was entered into, to the loss of that lease, the contents of it and to Barber's abandonment of it. Its purpose was to charge the plaintiff with the loss the defendant alleged lie sustained by such abandonment, and to attribute the same to the plaintiff's alleged failure to deliver the boiler for use in another building belonging to the defendant on another street. That a defence of this nature falls within the rule we have quoted, we have no doubt. We think it was not admissible at common law under a plea of non assumpsit, nor do we think it was so connected with the contract in suit as to warrant its admission under that plea, in the courts of our state, without timely and adequate notice of it. It embraced a transaction between the defendant and a third person, to which the plaintiff was not a party and which he had no reason to anticipate as an element in the defence to his claim. Surely it would be inequitable to allow a defence of this nature to prevail without opportunity afforded the plaintiff to meet it. We think the learned court did not err in rejecting defendant's evidence, and offers of evidence, embraced in the several specifications of error.

Judgment affirmed.