William Bandel, Appellant, *v.* George G. Erickson, trad-
ing as J. M. Erickson & Co., Agent for Walter R.
Kern, landlord, and I. H. Jones, constable.

*Pleading—Waiver of technicalities—Implication thereof.*

The strictness formerly maintained in relation to pleading has, in this
state become greatly relaxed.  A neglect to compel the opposite party to
perfect the pleadings will be construed as a tacit agreement to waive mat-
ters of form and try the cause on its merits.

*Actions—Pleadings—Avowry.*

There being no general issue upon an avowry, matter of defense must
be specially pleaded.  The system of short pleadings which prevails in
this state, however it may serve in other cases, is not to be commended
in pleading to an avowry; it is better and safer to plead, in extenso, the
matter of defense.

*Landlord and tenant—Denial of title by lessee.*

It is well settled that a lessee will not be permitted to deny the title
under which he has entered, and hold possession against it; but though
the tenant may not deny that the landlord had title when the demise was
made, he may show that this title has since determined

Argued Oct. 6, 1896. Appeal, No. 16, Nov. T., 1896, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1893, No. 540, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed. RICE, P. J., dissents.

Replevin for goods distrained for rent. Before FINLET-TER, P. J.

The above suit was an action of replevin by William Bandel ·for goods distrained for rent. Defendant filed an avowry and cognizance, and plaintiff's pleas were " payment," " no rent in arrear," and " non est factum." The lease was given by Walter R. Kern, agent. June 18, 1893, Walter R. Kern distrained for rent which should have been paid to trustees of the owner of the property, William H. Kern, subsequent to the death of the said William H. Kern for whom Walter R. Kern acted as agent. The trial judge held that the plaintiff could not explain whom Walter R. Kern, agent, was agent for, nor show that the rent was paid to the trustees for the real owner, W. H. Kern, and directed the jury to find for the defendant.

*Error assigned* was, in overruling and rejecting plaintiff's offer, as follows : " Counsel for plaintiff offers to prove that Walter R. Kern was the agent for William H. Kern, who died on April 8, 1893, and that the rent for which the levy was made was paid to the Fidelity Trust Company. I desire to show by this witness that the lease dated September 12, 1892, for premises No. 3825 Hamilton street, made by W. R. Kern, agent, to Charles Bandel was made by Walter R. Kern as agent for William H. Kern, who was the owner of the property in question, and that the rent for which distress was made was paid in full, after the death of William H. Kern, to Hood Gilpin and the Fidelity Trust Company, trustees under the will of William H. Kern, by the tenant." (2) In directing the jury to find for the defendant.

*Bernard Gilpin,* for appellant.—This offer should have been admitted, for if it should not be, then it would be possible for any real estate agent, all of whom make their leases in their own names as agents, to go on after the death of his principal col-

lecting the rents due indefinitely, to the total exclusion of the heirs of the owner: Newell v. Gibbs, 1 W. & S. 496; Barrett v. Bemelmans, 163 Pa. 122.

*George P. Rich*, with him *Henry C. Boyer*, for appellees.

OPINION BY SMITH, J., January 18, 1897:

The principle that the lessee shall not be allowed to deny the title under which he has entered, and to hold possession against it, as illustrated in Holt v. Martin, 51 Pa. 499, in Snyder v. Carfrey, 54 Pa. 90, and in Bedford v. Kelly, 61 Pa. 491, is not to be questioned. In those cases, the lessor described himself in the lease as "agent" or "trustee," and it was held that he might, as lessor, representing the title, recover possession at the expiration of the term, under the acts of 1772 and 1863.

But though the tenant may not deny that the landlord had title when the demise was made, he may show that this title has since determined: Newell v. Gibbs, 1 W. & S. 496. And with respect to the payment of rent, where the lease is made by a lessor as agent or trustee, the tenant may show a revocation of the agency or trust, and a payment to the actual owner: Barrett v. Bemelmans, 163 Pa. 122. In the latter case, which was an action for rent by a part owner, on a demise by an agent described in the lease as "trustee," the land belonged to five persons, one of whom (Barrett) was appointed by the others "as our agent or trustee," to lease and collect the rents. After he had leased to Bemelmans, Mrs. Bennett, one of the owners, revoked his authority to act for her, and gave the tenant notice to pay her one fifth of the rent. The tenant nevertheless continued to pay Barrett. It was held that Mrs. Bennett could maintain an action on the lease, in the name of Barrett to her use, for one fifth of the rent; the Supreme Court, in an opinion delivered by Mr. Justice WILLIAMS, saying: "The question is, to whom, after the notice of revocation, should the tenant pay the accruing rent, so far as Mrs. Bennett's share of it is concerned? The tenant knew from the lease that Barrett was acting for others, although their names were not disclosed in that instrument. Barrett knew that as to the interests of his cotenants, he was simply an agent, and that the terms of his agency gave him no interest in the subject-matter that would

enable him to resist a revocation, as a fraud upon him.   Upon these facts we think the following propositions are beyond any question: (1) Mrs. Bennett had a right to revoke the agency of Barrett whenever she pleased.   (2) Barrett acquired, under the terms of the agency, no interest in the rent due to his principals other than that necessarily acquired by one authorized to collect money for another, and he had no right to object to the revocation of his authority at the will of his principals. (3) When this revocation was duly made, and notice thereof given to the tenant, the tenant was bound to take notice of the fact.   No equitable or other right existed in the tenant to object to the revocation except as to acts done or rent paid before the notice was received."

In the case before us, the lessor described himself in the lease as " W. R. Kern, agent."   Thus, as in Barrett v. Bemelmans, " the tenant knew from the lease that Kern was acting for others, although their names were not disclosed in that instrument."   In defense of the action, an offer was made to prove that the principal was Wm. H. Kern, owner of the premises; that the lease had been made by W. R. Kern as his agent; that he had died after the demise and before the commencement of the action; and that the rent accruing after his death had been paid to Hood Gilpin and the Fidelity Trust Company, trustees under his will.   Though not setting forth as particularly as might be done the right of Gilpin and the trust company, from probate of the will, and its provisions respecting the demised property, the offer was not objected to on this ground, and it may be implied from its language that they were authorized to receive the rent as trustees.

For the purposes of the case, it must be assumed that the matters set forth in the offer were facts.   If they constituted a defense to the avowry, the right of the plaintiff to prove them cannot be doubted.   The only question, therefore, is whether they form a defense to the avowant's claim.   Regarding the allegations embodied in or implied from the offer as true, they present a state of facts identical, in substance and effect, with those in Barrett v. Bemelmans.   They show that the real owner of the demised property was Wm. H. Kern; that W. R. Kern, by a lease in which he described himself as "agent" demised the premises to Bandel, the plaintiff, as agent for Wm. H. Kern;

that between the demise and the commencement of the action Wm. H. Kern died; and that by his last will and testament Hood Gilpin and the Fidelity Trust Company were authorized to receive the rents accruing subsequent to his death.

Holding W. R. Kern to have made the demise as agent for Wm. H. Kern, the death of the latter was a revocation of the agency. The right of the agent to receive the rent thereupon ceased, unless preserved by some provision of the principal's will. No such provision appearing, his authority as agent was at an end. It is not even material in whom the authority to receive the rent is now vested, since upon the death of the principal it passed out of the agent. As in Barrett v. Bemelmans, the revocation affected no interest of the agent, and the tenant, upon notice of it, was bound to recognize the right of the principal, or of the legal successors to that right.

The defense thus offered is in no sense a denial of the lessor's title at the time of the demise. Admitting all that the lease imports, it is an averment that the lessor's title has since determined, and that the right to receive the rent has passed to others. It falls within the well settled rule on this subject, illustrated in Newell v. Gibbs, supra, and the cases there cited.

It only remains to consider whether the defense set out in the offer is admissible under the pleadings. There being no general issue upon an avowry, matter of defense must be specially pleaded. It may be proper to observe, here, that the system of short pleadings that prevails in this state, however it may serve in other cases, is not to be commended in pleading to an avowry; it is better and safer to plead, in extenso, the matter of defense.

The strictness formerly maintained in relation to pleading, has, in this state, become greatly relaxed. The reports abound in illustrations of a disregard of technicalities that stand in the way of substantial justice. One of the earliest is in Sauerman v. Weckerly, 17 S. & R. 116, where Mr. Chief Justice GIBSON said: " An omission to compel the opposite party to perfect the pleadings beforehand ought to be considered, what it is in justice and truth, a tacit agreement to waive matters of form and try the cause on its merits; just as going to trial on a short plea is, according to our practice, a waiver of the right to demand a plea in full form." The principle here laid down has become

familiar in practice, owing to the too frequent inattention, on the part of counsel, to the rules of pleading. In general it may be said that when a "short plea" is incomplete, or inadequate merely in form, it may be construed to embrace such matters, germane to the issue it is designed to raise, as may reasonably be implied from it.

In the case before us, if the question could be regarded as open, much might be urged in support of the view contended for by the appellant, that the plea of "no rent in arrear" may be sustained by proof that the rent had been paid to the persons by law entitled to receive it, and hence that nothing remained in arrear. But the scope of the plea as defined by the courts does not permit this: Hill v. Miller, 5 S. & R. 355; Williams v. Smith, 10 S. & R. 202. The plea in full form is "that no part of the said supposed rent, in the said avowry mentioned, was or is in arrear from the plaintiff to the defendant in manner and form as the defendant hath in his avowry in that behalf alleged." It must be sustained by proof that the plaintiff has paid to the avowant the rent claimed in the avowry; not that the avowant has no right to receive it.

But the defense to the avowry does not rest on the plea of "no rent in arrear." The record shows also a plea of "payment." Though in this form incomplete, as a plea to the avowry, it cannot be disregarded. As a "short plea" it has no place in this action, the fact of payment being included in the plea of "no rent in arrear;" hence its meaning here cannot be limited to its scope as a plea in assumpsit. The avowant might have required the plaintiff to set forth at large the ground of defense which it was designed to embrace. His omission to do this is a waiver of exception to its form. It may fairly be understood as implying that payment of the rent claimed had been made to the party entitled by law to receive it, and to permit proof of this. Under the facts set forth in the offer, the avowant could receive it only as agent for Wm. H. Kern's successors in title, and for transmission to them. Their right is paramount to his, and payment to them must be regarded, in substance and effect, as a payment in discharge of the tenant's obligation. In several English cases it has been held that payment to a person having a claim paramount to that of the avowant may be shown under the plea of "no rent in arrear:"

Jackson and Gross on Landlord and Tenant, 461, 462. With still greater reason may such a payment be shown under the plea of payment. It is further to be observed that there was no objection to the plaintiff's offer on the ground that the matters embraced in it were not admissible under the pleadings. Had such an objection been made, it could have been met by an amendment under which no question could have arisen respecting the competency of the evidence offered. In general, as has frequently been held, a fault of pleading which is amendable will be regarded as amended, when necessary to preserve an obvious right. If it be true that the plaintiff has in fact paid the rent for which this distress was made to those lawfully entitled to receive it, it would be a gross wrong, when not essential, to so closely adhere to form as to compel its payment a second time, without possibility of redress. Extreme technicality in pleading must be subordinated to the higher demands of justice.

The judgment is reversed, and a venire facias de novo awarded.

DISSENTING OPINION BY RICE, P. J., January 18, 1897 :

This was an action of replevin for goods distrained for rent. In the plaintiff's declaration Walter R. Kern is described as landlord, and J. H. Jones as constable. The former avowed and the latter made cognizance, and justified the taking "because they say that one Charles L. Bandel for a long time, . . . . held and enjoyed the said dwelling-house in which the said goods and chattels were contained, with the appurtenances, as tenant thereof under the said Walter R. Kern, defendant, by virtue of a certain lease dated the 12th day of September, 1892, wherein the said Walter R. Kern demised to the said Charles L. Bandel the said dwelling-house," etc. Then follow the usual averments as to the rent reserved in the lease, and the nonpayment of the same for the period above referred to. To the defendants' avowry and cognizance the plaintiff pleaded, "payment," "no rent in arrear," and "non est factum." The lease was dated September 14, 1892, and was signed and sealed by W. R. Kern, as lessor, and Charles L. Bandel, as lessee, but in the premises the lessor was described as "W. R. Kern, agent." On the trial of the issue the plaintiff called Charles L. Bandel

as a witness, who testified that he signed the lease, and then the plaintiff offered " to prove that Walter R. Kern was the agent for William H. Kern, who died on April 8, 1893, and that the rent for which the levy was made was paid to the Fidelity Trust Company. I desire to show by this witness that the lease dated September 12, 1892, for the premises No. 3835 Hamilton street, made by W. R. Kern, agent to Charles Bandel, was made by Walter R. Kern, as agent for William H. Kern, who was the owner of the property in question, and that the rent for which distress was made was paid in full, after the death of William H. Kern, to Hood Gilpin and the Fidelity Trust Company, trustees under the will of William H. Kern, by the tenant." Before ruling upon the objection to this offer, the court remarked: " We will consider the lease now in evidence." No objection was made to its being so considered ; and then, the objection to the offer above quoted was renewed and sustained. The rejection of this evidence is the subject of the first assignment of error. The second assignment of error is to the charge of the court directing a verdict for the defendants.

The first question in the case is, whether the evidence embraced in the plaintiff's offer was admissible under the pleadings.

Where a lease is specially stated in the avowry, non est factum may be pleaded, but it puts in issue the execution of the lease only : Bloomer v. Juhel, 8 Wend. 448. But this plea was disproved on the trial by the testimony of the tenant. Assuming that " payment " is a permissible plea in such a case, the proof to support it must be confined to matters which were admissible at common law and which constitute technical payment : Lovegrove v. Christman, 164 Pa. 390. " The plea of payment means common law payment—actual payment. It need not be in money ; it may be by the transfer of choses in action, or other property, but it must be something which is accepted as money : " Steiner v. Erie Dime Savings and Loan Co., 98 Pa. 591, and see cases there cited. " Payment," without more, does not put in issue the tenancy. It is, obviously, not so broad a plea as " no rent in arrear," and, if the offered evidence was not admissible under the latter plea, it was not under the former. It is held in Pennsylvania that there is no such thing as a general issue to an avowry ; but some special point must be traversed. " Avowry," said Chief Justice GIBSON, " like a declaration, sets forth the

nature and merits of the landlord's case; and must distinctly state every fact necessary to show that the distress was lawful, and among others, the existence of a lease; the existence of every fact not traversed is admitted. Although, since the act of 1772, which substantially agrees with the 2 Geo. II., ch. 19, nil habuit tenementis, which admits the existence of the lease, cannot be pleaded to avowry, still, the plaintiff may traverse the tenancy: Syllivan v. Stradling, 2 Wils. 208; and that course ought to have been pursued here; for it is clear, as well on principle as from authority, that the plea of ' nothing in arrear ' admits the existence of the tenancy, and puts the defense on matter subsequent: " Hill v. Miller, 5 S. & R. 354. Hence, it was held that while the tenant might show, that, prior to the accruing of the rent, he purchased the premises with the assent and by the advice of the landlord, yet such evidence could not be given on the issue of " nothing in arrear." In Alexander v. Harris, 4 Cranch, 299, a lease for three years certain was alleged in the avowry. On the trial of the issue joined on the plea of " nothing in arrear " the avowant gave in evidence a lease for one year certain, and proved a subsequent possession for two years. A verdict was rendered for the avowant. On writ of error the court held, that the lease offered in evidence did not support the avowry, but that the plea dispensed with proof of the demise laid in the avowry by admitting it. Chief Justice MARSHALL, who delivered the opinion of the court, after an elaborate consideration of the question, said: " It is thought important in the inquiry, that the law appropriates a different plea, which controverts the demise, if the tenant means to contest it—the plea of non demisit." I am not to be understood as saying, that, where a plea of non tenuit, or non demisit, or a special plea that the landlord's title has expired subsequently to the lease, and that the plaintiff has been compelled to pay rent to another or the like, and the plea of " no rent in arrear " are joined, as undoubtedly they may be, the tenancy is admitted. I am speaking of the latter plea standing alone, in which case the rule seems to be well settled that the title and the tenancy as laid in the avowry are admitted: Williams v. Smith, 10 S. & R. 202; Morris on Replevin, 127; 2 Br. T. & H., Prac. 1754; Wilkinson on Replevin, 6 Law Libr. *83.

Many of the strict rules of pleading have been relaxed, and

others have been wholly abolished by statute and judicial decision. But after a diligent investigation no case has been found modifying in any degree the rule laid down in the cases above cited as to the effect of a plea of "no rent in arrear." It has acquired a well understood meaning, and, in view of the liberality with which amendments are allowed, it cannot be said that injustice will be wrought by adhering to the rule. Perhaps a simpler method of bringing such a cause to an issue might be devised, but it is quite as important in this day, when the calendars of the courts are overcrowded, as it was in the days of Chief Justice MARSHALL and of Chief Justice GIBSON, that the system—no matter by what name the allegations of the parties may be called—shall result in narrowing the issue to be tried to the points actually in controversy, and in showing what that issue is, and that the proof shall be confined to matters relevant thereto. The purpose of the plaintiff's offer was to prove that no rent was in arrear, because, during the period for which the defendant distrained, the tenant did not hold under the defendant. The effect would be—if the evidence was admissible at all—to disprove the tenancy alleged in the avowry. As this was not put in issue by any of the pleas, the offered evidence was clearly irrelevant. Being so, the court cannot be convicted of error in rejecting it, unless the defendant waived this specific objection by something which he said or did on the trial. Being unable to find anything in the record from which a waiver may be implied, I feel constrained to record my dissent from the judgment that is about to be entered.