## Hastings v. Neely, Trustee, et al.

*John F. Budke*, for plaintiff.

*Robert M. Dale*, for defendants.

RIMER, P. J., specially presiding, January 24, 1938.— This is an action of replevin brought by the tenant against his landlord to repossess the tenant's goods distrained upon for unpaid rent.

Under these proceedings the ownership of the goods subject to distraint is naturally assumed to be in the plaintiff and such ownership is set up in plaintiff's declaration and admitted in the affidavit of defense.

Briefly speaking, plaintiff's motion for judgment is upon the grounds that the affidavit of defense is insufficient, in that it does not sufficiently set up the facts relative to the tenancy of plaintiff under the defendant as tending to support the right to distrain in the following respects: (1) Whether said tenancy was created by writing or by parol; (2) if by writing, no copy of such writing is set forth; (3) if by parol, the terms and conditions thereof are not set forth; (4) the averments as to relation of plaintiff and defendant as landlord and tenant are vague and indefinite.

The averments of defendants, in their affidavit of defense, which are particularly complained of and which include all of the averments set up in justification of defendants' right to distrain the goods in question are as follows:

"It is not true and defendant denies that on or about March 24, 1937, the defendants unlawfully seized and took the said goods and chattels and detained the same until the service of the writ of replevin herein."

The defendants in this connection allege and aver on the contrary:

"(a) That on March 17, 1927, C. H. Sheasley and J. J. Sheasley, trustees, leased and let to Q. D. Hastings, plaintiff herein, those three certain rooms on the second floor of the Sheasley Block, Liberty Street, Franklin, Pa., being the east front rooms previously occupied by one Dr. J. M. Wallace, at a yearly rent of $300 payable monthly in the sum of $25 on the first day of each month.

"(b) That pursuant to the lease aforesaid the said Q. D. Hastings on or about the 17th day of March 1927, entered and thereafter did possess and enjoy the aforesaid rooms and premises continuously during the period

from the said 17th day of March, 1927, to and after the 24th day of March, 1937."

"(e) That on the said 24th day of March, 1937, the plaintiff, Q. D. Hastings, was indebted to the defendant, C. G. Neely, trustee, in the sum of $2,835 rent due and unpaid for the said premises possessed by the plaintiff as aforesaid.

"(f) That on the said 24th day of March, 1937, all the goods and chattels mentioned, described and listed in the premises and writ herein and in the schedule marked Exhibit "A" attached to the declaration were on and in the premises leased and possessed by the plaintiff, as aforesaid.

"(g) That on the said 24th day of March, 1937, the defendant, C. G. Neely, trustee, as aforesaid, did pursuant to the acts of assembly of the Commonwealth of Pennsylvania in such case made and provided proceed by landlord's warrant to distrain and collect the rent then due and unpaid, acting by James Orlando his duly constituted agent and bailiff; and did lawfully and legally distrain and levy upon and take possession of all and singular the goods and chattels described in the præcipe and writ of replevin therein which were then and there situate on and in the premises aforesaid.

"(h) That by virtue of the distraint and levy aforesaid the defendant, C. G. Neely, trustee, did on the said 24th day of March, 1937, acquire and have a lien against the goods and chattels described in the præcipe and writ herein, and by virtue of said lien was entitled to the possession thereof and the right to proceed to execution thereon in satisfaction and discharge thereof."

This question must be decided under section 5 of the Act of April 19, 1901, P. L. 88, as amended by the Act of March 19, 1923, P. L. 14, 12 PS §1834. The requirement of that act to be considered in the present case is that defendant file an affidavit of defense to the declaration of plaintiff, "showing his own title to said goods and chattels."

From volume 10 of Standard Pennsylvania Practice, §94, we quote from chapter 43 certain rules which are given as deduced from the several cases cited in support thereof, as follows:

"The defendant thereupon [following the filing of the declaration] files an affidavit of defense in the nature of an avowry or cognizance, not denying the plaintiff's title to the goods, or claiming ownership, but setting forth the facts justifying their seizure under a distress for rent."

And in §97:

"While the affidavit of defense in a replevin action is governed by statutes relating to replevin, and not by the Practice Act, its form and sufficiency must be determined by the same rules that control in other actions where like affidavits are required. Such an affidavit of defense must state frankly and fairly facts that support the claim advanced, and not legal conclusions, mere inferences, conclusions from facts, or conclusions of law."

Defendants set up, as supporting the sufficiency of their affidavit of defense, section 10 of the Act of March 21, 1772, 1 Sm. L. 370, 12 PS §1822, the provisions of which, pertinent to this case, are as follows:

". . . it shall and may be lawful for all defendants in replevin to avow and make cognizance generally, that the plaintiff in replevin, or other tenant of the lands and tenements whereon such distress was made, enjoyed the same under a grant or demise, at such a certain rent or service, during the time wherein the rent or service, distrained for incurred, which rent or service was then and still remains due, without further setting forth the grant, tenure, demise or title, of such landlord".

It is very clear that the Act of 1901, supra, intended to furnish a complete system for proceedings in replevin, repeals existing statutes inconsistent therewith. It was early held that the replevin act applied to replevins of distress for rent as to replevins of all other characters. In such event the requirement upon defendant that his

affidavit of defense must show his own title to the goods and chattels necessarily includes a showing of the facts which entitled him to a lien for unpaid rent and distress therefor.

In McCrary v. McCully, 75 Pa. Superior Ct. 464, cited by defendant, Judge Keller spoke of the practice prior to the Act of 1901 and the filing of an avowry by the landlord, "justifying the taking as a distress for rent under a lease for the dwelling in which the goods were contained, setting forth its terms and the rent due and in arrear."

Speaking of the Act of 1901 he states that in such an action the defendant files an affidavit of defense "in the nature of an avowry or cognizance, not denying the plaintiff's title to the goods or claiming ownership but setting forth the facts justifying their seizure under a distress for rent."

In Bandel v. Erickson, etc., 3 Pa. Superior Ct. 389, an action similar to the present one, the court said:

"It may be proper to observe, here, that the system of short pleadings that prevails in this state, however it may serve in other cases, is not to be commended in pleading to an avowry; it is better and safer to plead, in extenso, the matter of defense."

In his dissenting opinion, President Judge Rice, of that court, cited Chief Justice Gibson as saying that an avowry " 'like a declaration, sets forth the nature and merits of the landlord's case; and must distinctly state every fact necessary to show that the distress was lawful, and among others, the existence of a lease' ".

We accept as settled that actions in replevin are controlled by the Act of 1901, supra, and not by the Practice Act of May 14, 1915, P. L. 483, and we are advised by counsel that Venango County has no rule of court regulating the pleadings in actions of replevin. But we must recognize that the general rules relating to pleadings, particularly to any pleading so well understood as an

affidavit of defense, must be given due weight. Therefore, the decisions in actions of replevin as to what constitutes a sufficient affidavit of defense must be considered with reference to like requirements in other actions of replevin. Turning to Hollander Brothers Drug Co. v. American Surety Co., 47 Pa. Superior Ct. 403, we find support for this general statement. Thus we come to the conclusion that amongst the facts which must necessarily be relied upon by defendants in order to establish the right to distrain the goods of plaintiff is the lease or demise itself. We are of opinion that this does not mean a naked statement that such a lease or demise existed but that it calls for a full statement of the facts relative thereto. This is important because the right to distrain must rest upon the relationship of the parties.

Being of the opinion, therefore, that the affidavit of defense in this case is insufficient in the respects mentioned, the following order is made. The order as made has in contemplation the right given to the parties to amend their respective pleadings. This right exists up to and through the trial and may, therefore, be properly considered as authorizing the opportunity to amend which is granted to defendants by this order, as follows:

## Order and decree

And now, January 24, 1938, the court having found the affidavit of defense in this case insufficient to prevent judgment, orders, adjudges, and decrees that the rule to show cause why judgment should not be entered against defendants for want of a sufficient affidavit of defense, be made absolute, unless defendants shall within 15 days from the date of the service of this order upon said defendants or their counsel of record, file in this case an amended affidavit of defense, showing the title of defendants to the goods and chattels in question and, in event of failure so to do, judgment will be entered for plaintiff and against defendants for the goods and chattels described in plaintiff's declaration.